## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATAIN INSURANCE COMPANY<br>30833 Northwestern Highway, Suite 220<br>Farmington Hills, MI 48334<br><br>                     Plaintiff,<br>   vs.<br><br>NORDCO GENERAL CONTRACTORS LLC<br>2534 South Sartain Street<br>Philadelphia, PA 19148<br><br>    and<br><br>DINA NORD<br>2323 Roma Dr.<br>Philadelphia, PA 19145<br><br>    and<br><br>DENNIS NORD<br>2323 Roma Dr.<br>Philadelphia, PA 19145<br><br>                 Defendants. | Civil Action No.: |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff ATAIN INSURANCE COMPANY ("Atain"), by and through its undersigned counsel, hereby avers as follows.

## INTRODUCTION

1.     Atain seeks a declaration in this action that no insurance coverage is afforded to NORDCO GENERAL CONTRACTORS LLC and its members DINA NORD and DENNIS NORD (collectively "NORDCO") under an insurance policy issued by Atain to NordCo with respect to a lawsuit filed in the Court of Common Pleas of Philadelphia County, Pennsylvania under docket number 191100433 ("Underlying Lawsuit") by Matthew and Madeline Ciaudelli ("Underlying Plaintiffs").

2.      Atain issued NORDCO an insurance policy bearing Policy Number CIP380111 for the policy period of effective March 28, 2019 to March 28, 2020 ("Policy").  A true and correct copy of the Policy is attached and incorporated by reference as **Exhibit 1**.

3.      NORDCO never provided Atain notice of the Underlying Lawsuit and has never requested insurance coverage under the Policy for the Underlying Lawsuit.

4.      Rather, on December 3, 2020, Underlying Plaintiffs provided Atain with copies of the complaint filed in the Underlying Lawsuit ("Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached as **Exhibit 2**.

5.      Also, on December 3, 2020, Underlying Plaintiffs forwarded Atain copies of a Notice of Praecipe to Enter Judgment by Default and an Assessment of Damages, filed in the Underlying Lawsuit by Underlying Plaintiffs on December 30, 2019 ("Praecipe for Default Judgment").  A true and correct copy of the Praecipe to Enter Default Judgment And Assessment of Damages is attached as **Exhibit 3.**

6.      Pursuant to the Praecipe for Default Judgment, Underlying Plaintiffs seek an assessment of damages against NORDCO in the amount of $88,781.20.  (*See* Ex. 4.)

7.      NORDCO never provided Atain with the December 30, 2019 Praecipe for Default Judgment.

8.      Atain declined to defend or indemnify NORDCO for the Underlying Lawsuit via correspondence dated January 14, 2021.  A copy of Atain's January 14, 2021 coverage disclaimer is attached as **Exhibit 4**.

9.      Atain seeks by this litigation to confirm that it has no duty to defend or indemnify NORDCO under the Policy for the Underlying Lawsuit.

10.    Therefore, a controversy exists between the parties to this action regarding insurance coverage for the Underlying Lawsuit under the Policy, and an entry of a declaratory judgment is required to resolve the controversy.

## THE PARTIES

11.    Plaintiff Atain is a Texas corporation with its principal place of business in Michigan, and it is therefore a citizen of Texas and Michigan.

12.    Defendant NORDCO is a Pennsylvania domestic limited liability company organized under the laws of Pennsylvania with its principal place of business located at 2534 South Sartain Street Philadelphia, PA 19148, whose members are Pennsylvania residents, and it is therefore a citizen of Pennsylvania.

13.    Defendants DINA NORD and DENNIS NORD are adult individuals who reside at 2323 Roma Dr., Philadelphia, PA 19145, and upon information and belief, they are the sole members of NORDCO GENERAL CONTRACTORS LLC.

14.    After reasonable inquiry of publicly available information, and consistent with *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015), Atain alleges that Defendants NORDCO GENERAL CONTRACTORS LLC and its members DINA NORD and DENNIS NORD are not residents of Michigan or Texas, and therefore, complete diversity exists.

## JURISDICTION AND VENUE

15.    Jurisdiction is with this Honorable Court pursuant to 28 U.S.C. 13321332 because of the citizenship of the parties and the amount in controversy exceeding $75,000.

16.    Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this lawsuit occurred within this District,

because NORDCO's principal place of business is in this judicial district, and because DINA NORD and DENNIS NORD reside in this judicial district.

## THE UNDERLYING LAWSUIT

17.     According to the Underlying Complaint, the Underlying Lawsuit arises from NORDCO's "fraudulent actions and misrepresentations in defectively renovating Plaintiffs' investment property." (Ex. 2 ¶ 17.)

18.     Underlying Plaintiffs engaged NORDCO in June 2019 to renovate Underlying Plaintiffs' investment property because NORDCO expressly represented the renovation would take three months, cost the contractually agreed price, and be code compliant.  (*See id.* ¶¶ 2-3.)

19.     Underlying Plaintiffs allege NORDCO's renovation work demonstrated negligence and was rife with defects, incomplete and faulty work as well as delays due to NORDCO's lack of professionalism and failure to retain and oversee qualified workers and subcontractors.  (*See id.* ¶¶ 5-6, 9.)  Underlying Plaintiffs also that claim NORDCO misrepresented the progress and quality of the renovation such that Underlying Plaintiffs continued making weekly progress payments to NORDCO totaling more than $50,000 and have nothing to show for it.  (*See id.* ¶¶ 10, 26.)

20.     For example, Underlying Plaintiffs allege NORDCO misrepresented that its roofing subcontractor installed a new roof when this work was never completed or started.  (*See id.* ¶ 32.) Underlying Plaintiffs further claim NORDCO was negligent in the oversight of defective and structurally unsound work, including use of 2x3 framing studs instead of 2x4 studs in violation of Section R-R602.3.1 of the Philadelphia Building Code.  (*See id.* ¶¶ 33-34.)  The integrity and reduced functionality of the ductwork is also alleged, as is improper framing of bathrooms and two of the bedroom closets.  (*See id.* ¶¶ 36-38.)  Underlying Plaintiffs also allege defective electrical wiring improperly performed before the plumbing.  (*See id.* ¶¶ 39-40.)

21.     As set forth in the Underlying Complaint, NORDCO failed to identify and remediate defective work and was negligent in the management and supervision of the project. (*See id.* ¶¶ 41-42.)  Underlying Plaintiffs allege in the Underlying Complaint that NORDCO's work was not to code, some was structurally unsound, harmful to the ductwork functionality, and overall, totally unacceptable.  (*See id.* ¶ 48.)

22.     Moreover, Underlying Plaintiffs allege that on October 9, 2019, NORDCO stated that it knew all along that completing Underlying Plaintiffs' renovation project for $85,000 was impossible.  (*See id.* ¶ 51.)  Thus, the Underlying Complaint alleges NORDCO "made materially false representations of timely and affordable work, demonstrated negligent supervision over their subcontractors by knowingly allowing workmanship and construction that was below acceptable standards and which did not comply with building codes, breached their contract with Plaintiffs, and as a direct and proximate result caused [Underlying Plaintiffs] significant damages."  (*Id.* ¶ 58.)

23.     Underlying Plaintiffs set forth three counts against NORDCO for (1) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); (2) Breach of Contract; and (3) Negligent Supervision.  (*See id.*)

24.     NORDCO never provided notice to Atain of the Underlying Lawsuit and never provided Atain with copies of any legal pleadings or related documents and correspondence.

25.     NORDCO never appeared or served an Answer or responsive pleading to the Underlying Complaint.

26.     Atain declined coverage for the Underlying Lawsuit on January 14, 2021 because: (1) the Underlying Complaint does not allege an "occurrence" under the Policy; (2) the Business Risks Exclusions contained in the Policy operate to bar coverage; (3) Atain did not receive notice

of the Underlying Lawsuit from NORDCO and has been prejudiced; (4) and there is no coverage under the Policy for claims asserted in the Underlying Complaint that NORDCO engaged in fraudulent and dishonest conduct.  (*See* Ex. 4.)  In declining coverage, Atain also reserved all rights under the Policy and applicable law to further limit or deny coverage for the Underlying Lawsuit, as set forth in the January 14, 2021 letter.  (*See id.*)

## COUNT I – COVERAGE IS BARRED BECAUSE CLAIMS FOR DEFECTIVE WORKMANSHIP DO NOT ALLEGE "PROPERTY DAMAGE" OR AN "OCCURRENCE" UNDER THE POLICY

27.     Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

28.     The Policy contains a Commercial General Liability Coverage Form which includes the following Insuring Agreement:

> SECTION I – COVERAGES
>
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1.     Insuring Agreement
>
>> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>>
>> * * *
>>
>> b.     This insurance applies to "bodily injury" and "property damage" only if:
>>
>>> (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage"
occurs during the policy period;

(Ex. 1 AtainPolicy_019.)

29.     The Policy contains definitions in Section V, which provide in pertinent part:

"Occurrence" means an accident, including continuous or repeated
exposure to substantially the same general harmful  conditions.

(Ex. 1 AtainPolicy_033.)

30.     The Policy also provides as follows:

SECTION II – WHO IS AN INSURED

1.      If you are designated in the Declarations as:

* * *

c.      A limited liability company, you are an insured.
Your members are also insureds, but only with
respect to the conduct of your business.  Your
managers are insureds, but only with respect to their
duties as your managers.

(Ex. 1 AtainPolicy_027.)

31.     The Underlying Complaint alleges construction defects and faulty workmanship
with respect to the performance of contracted for work, namely the renovation of Underlying
Plaintiffs' investment property, and therefore it does not seek relief for "bodily injury" or "property
damage" caused by an "occurrence" under the Policy.

32.     The Underlying Complaint alleges damage to or resulting from faulty
workmanship, which does not constitute an "occurrence" sufficient to trigger insurance coverage
under the Policy.

33.     Therefore, no coverage is available under the Policy.

7

## COUNT II – COVERAGE UNDER THE POLICY IS PRECLUDED BY THE BUSINESS RISK EXCLUSIONS

34.    Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

35.    The Policy further contains the following exclusions:

2.    Exclusions

This insurance does not apply to:

\* \* \*

b.    Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

\* \* \*

j.    Damage to Property

"Property damage" to:

\* \* \*

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \*

k.    Damage to Your Product

"Property damage" to "your product" arising out of it or any part of it.

l.    Damage to Your Work

8

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.   Damage to Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

(Ex. 1 AtainPolicy_020 – 023.)

36.   The Policy also contains the following definitions as pertinent herein:

8.   "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.   It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.   You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

* * *

17.   "Property damage" means:

a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of

9

use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

21.    "Your product":

a.    Means:

(1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a)    You;

(b)    Others trading under your name; or

(c)    A person or organization whose business or assets you have acquired; and

(2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.    Includes:

(1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product";

\* \* \*

22.    "Your work":

a.    Means:

(1)    Work or operations performed by you or on your behalf; and

(2)    Materials, parts or equipment furnished in connection with such work or operations.

b.    Includes:

(1)     Warranties or representations made at any
time with respect to the fitness, quality,
durability, performance or use of "your
work";

(Ex. 1 AtainPolicy_031 – 034.)

37.     The Underlying Complaint seeks relief pursuant to obligations owed under a
contract between the Underlying Plaintiffs and NORDCO. Therefore, Exclusion b. of the Policy
applies to preclude coverage under the Policy for the Underlying Lawsuit.

38.     In the Underlying Complaint, Underlying Plaintiffs seek damages because
NORDCO's "renovation demonstrated negligence and was rife with incomplete and faulty work,
most of which must now be dismantled and re-done."  Therefore, Exclusions j., k., l., and m. quoted
above apply to exclude coverage for the Underlying Lawsuit, and there is no coverage available
under the Policy.

### COUNT III – COVERAGE UNDER THE POLICY IS PRECLUDED BECAUSE ATAIN RECEIVED LATE NOTICE OF THE UNDERLYING LAWSUIT AND HAS SUFFERED PREJUDICE

39.     Atain incorporates and restates every allegation set forth in the preceding
Paragraphs of this Complaint, as if alleged in this Paragraph.

40.     The Policy provides the following conditions for Commercial General Liability
coverage:

SECTION   IV   –   COMMERCIAL   GENERAL   LIABILITY
CONDITIONS

* * *

2.     Duties in the Event of Occurrence, Offense, Claim or Suit

a.     You must see to it that we are notified as soon as
practicable of an "occurrence" or an offense which
may result in a claim.  To the extent possible, notice
should include:

11

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons or witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

c.    You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

(Ex. 1 AtainPolicy_029.)

41.    Section V of the Policy further provides in relevant part:

18.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

(Ex. 1 AtainPolicy_034.)

42.     Here, the Underlying Lawsuit was filed November 5, 2019.  Underlying Plaintiffs allege NORDCO were personally served with a copy of the Underlying Lawsuit on November 18, 2019.  NORDCO never notified Atain of the claim or Underlying Lawsuit, nor did it send copies of any legal papers to Atain in connection with the Underlying Lawsuit.

43.     NORDCO failed to respond to the Underlying Complaint or actively participate in the Underlying Lawsuit, which resulted in Underlying Plaintiffs  filing a Praecipe for Default Judgment on December 30, 2019, whereby Underlying Plaintiffs seek an assessment of damages against NORDCO in the amount of $88,781.20.

44.     NORDCO's failure to provide notice to Atain and failure to defend or otherwise participate in the Underlying Lawsuit has prejudiced Atain.

45.     Therefore, no coverage is available under the Policy.

## COUNT IV – COVERAGE UNDER THE POLICY IS PRECLUDED BECAUSE NORDCO IS ALLEGED TO HAVE ENGAGED IN FRAUDULENT AND DISHONEST CONDUCT RELATING TO THE CLAIM

46.     Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

47.     The Policy also contains a Fraud, Concealment and Misrepresentation Endorsement, which provides as follows:

> B.     FRAUD, CONCEALMENT AND MISREPRESENTATION IN PRESENTING ANY CLAIM
>
> With respect to all "insureds" covered under this policy and their representatives, we do not provide coverage if one or more "insureds" have:
>
> a)  Concealed or misrepresented any material fact or circumstance; or
>
> b)  Engaged in fraudulent or dishonest conduct relating to a claim.

> Any actions taken by an insured, or their representative, as outlined in this endorsement may cause a denial of coverage or voiding of the policy. In any such instance, there shall be no duty to defend or indemnify any insured.

(Ex. 1 AtainPolicy_008.)

48.     Here, the Underlying Lawsuit alleges fraudulent conduct and misrepresentations on the part of NORDCO.

49.     Accordingly, coverage for the Underlying Lawsuit is precluded under the Policy because all allegations therein come within the purview of the Fraud, Concealment and Misrepresentation Endorsement.

## COUNT V – PRESERVATION OF ALL POLICY TERMS, CONDITIONS, EXCLUSIONS AND DEFENSES TO COVERAGE

50.     Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

51.     Atain reserves its rights on all bases set forth in this Complaint and the Exhibits, and Atain also reserves its rights under the Policy and applicable law with respect to the Underlying Lawsuit, or any other past, present of future claim, for any other reasons that may exist or become apparent in the future.  Nothing contained within this pleading should be construed as a waiver by Atain of any of its rights or defenses under the Policy and applicable law to limit or deny coverage for this matter or any other matters.

## PRAYER FOR RELIEF

WHEREFORE, Atain respectfully requests that this Court enter judgment in its favor and against NORDCO and Underlying Plaintiffs, declaring and finding that Atain has no duty to defend or indemnify NORDCO against the Underlying Lawsuit under the Policy.

Respectfully submitted this 29th day of January 2021,

**KAUFMAN DOLOWICH & VOLUCK, LLP**


By: _____

       Christopher J. Tellner, Esquire
       David T. Brown, Esquire (*pro hac vice* pending)
       Marc R. Lynde, Esquire
       *Attorneys for Plaintiff*
       *Atain Insurance Company*